UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CORY ACOME, AIMEE FLOWERS, AMANDA AMIDON and ZACHARY ABDELHADY, on behalf of themselves and others similarly situated,

Plaintiffs,

- against -

JOEY'S FINE ITALIAN LLC, and any other related entities,

Defendant.

**COMPLAINT**

**FLSA COLLECTIVE ACTION**

**and**

**CLASS ACTION**

Case No.: 5:25-CV-1497 (GTS/MJK)

**JURY TRIAL DEMANDED**

## PRELIMINARY STATEMENT

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206, 207, and 216(b); 29 C.F.R. § 531 *et. seq*.; New York Labor Law § 190 *et seq*., New York Labor Law §§ 650 *et seq.* and 663; 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") §§ 146 *et. seq.* to recover unpaid wages and overtime compensation as well as related damages owed to the Named Plaintiffs and all similar situated persons (collectively "Plaintiffs") who are presently or were formerly employed by Defendant Joey's Fine Italian, LLC, in trades and occupations entitled to receive overtime compensation.

2. This action is brought on behalf of Named Plaintiffs and a class consisting of all similarly situated individuals who worked for Defendant as restaurant employees, including but not limited to hosts, servers, bartenders, carside to go, general utility/dishwashers, prep cooks, line cooks, expediters, janitors, and in other restaurant related occupations, at Joey's Fine Italian LLC

in the State of New York from October 2019 to the present (the "Class" or "Putative Class"). Restaurant managers are not a part of the Putative Class.

3. From at least October 2019 and continuing through the present, Defendant, as a matter of corporate custom and common policies and practices, failed to pay Named Plaintiffs and Putative Class members wages for all hours worked, deducted unlawful meal allowance from their pay without permission and regardless of whether they had a meal or not, failed to pay the required laundering fees, failed to reimburse the cost of required uniforms, and failed to provide wage notices, all in violation of the FLSA, NYLL and NYCRR.

4. Named Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, all compensation they were deprived, plus interest, liquidated damages and attorneys' fees and costs.

## JURISDICTION

5. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 201-219 (FLSA); 28 U.S.C. § 1331 (Federal Question); 28 U.S.C. § 1337 (Acts of Congress regulating Commerce); and supplementary jurisdiction under 28 U.S.C. § 1367 (State Claims).

6. The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

7. The statute of limitations under New York Labor Law § 198(3) is six (6) years.

## VENUE

8. Venue for this action in the Northern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of New York.

## PARTIES TO THIS ACTION

9. At all times materially relevant to this complaint, Named Plaintiff Cory Acome has resided in Onondaga County, New York.

10. Named Plaintiff Acome was employed by Defendant from approximately March 2019 through approximately August 2025 at 6594 Thompson Road Syracuse, NY 13206.

11. At all times materially relevant to this complaint, Named Plaintiff Aimee Flowers has resided in Onondaga County, New York within the Northern District of New York.

12. Named Plaintiff Flowers was employed by Defendant from approximately June 2024 through approximately June 2025 at 6594 Thompson Road Syracuse, NY 13206.

13. At all times materially relevant to this complaint, Named Plaintiff Amanda Amidon has resided in Onondaga and Oswego Counties, New York.

14. Named Plaintiff Amidon was employed by Defendant from approximately March 2019 through approximately February 2023 at 6594 Thompson Road Syracuse, NY 13206.

15. At all times materially relevant to this complaint, Named Plaintiff Zachary Abdelhady has resided in Onondaga County, New York.

16. Named Plaintiff Abdelhady was employed by Defendant from approximately June 2024 through approximately June 2025 at 6594 Thompson Road Syracuse, NY 13206.

17. Defendant Joey's Fine Italian, LLC is a Domestic Limited Liability Company doing business in the State of New York with it's principal place of business located at 6594 Thompson Road Syracuse, NY 13206.

## CLASS ALLEGATIONS

18. Named Plaintiffs reallege and incorporate by reference all the allegations set forth above.

19. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

20. This action is brought on behalf of Named Plaintiffs and a collective and class consisting of similarly situated employees who worked for Defendant as hourly paid hosts, servers, bartenders, carside to go, general utility/dishwashers, prep cooks, line cooks, expediters, janitors, and in other restaurant related occupations who were not paid for all hours worked, had meal allowances deducted from their wages without their permission and regardless of whether or not they had a meal, were not provided with wage notices.

21. This action is further brought on behalf of a sub-class (NY Class) of employees consisting of only servers and bartenders being paid at the tipped-credit hourly rate of pay while performing non-tipped duties, were not paid uniform laundry fees and were not reimbursed for the purchase of uniforms.

22. Named Plaintiffs and potential Plaintiffs who elect to opt-in as part of the collective action are all victims of Defendant's common policy and/or plan to violate the FLSA and NYLL by failing to pay Named Plaintiffs, and those similarly situated, for all hours worked, to deduct meal allowances from their wages without their permission and whether or not they had a meal, to fail to pay uniform laundry fees, to fail to reimburse for the purchase of uniforms, and fail to provide wage notices while working for Defendant.

23. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be one hundred or more employees. Additionally, the names of all potential members of the putative class are not known.

24. The questions of law and fact common to the putative FLSA collective and Rule 23 class predominate over any questions affecting only individual members. These questions of law and fact include but are not limited to:

a. Whether Defendant maintained a common policy and practice of failing to pay for all hours worked;

b. Whether Defendant maintained a common policy and practice of automatically deducting meal allowances without permission and whether or not a meal was had;

c. Whether Defendant maintained a common policy and practice of failing to pay laundry fees;

d. Whether Defendant maintained a common policy and practice of failing to reimburse the cost of purchase of uniforms; and,

e. Whether Defendant maintained a common policy and practice of failing to provide wage notices.

25. The claims of Named Plaintiffs are typical of the claims of the putative collective and class members. Named Plaintiffs and putative collective and class members were all subject to Defendant's policies and willful practice of failing to pay for all hours worked, deducting meal allowances from their wages without their permission and whether or not they had a meal, failing to pay uniform laundry fees, failing to reimburse for the purchase of uniforms, and failing to provide wage notices as required by NYLL.

26. Named Plaintiffs and counsel will fairly and adequately protect the interests of the putative class. Named Plaintiffs have retained counsel experienced in complex wage and hour collective and class-action litigation.

27. A collective and class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Named Plaintiffs and putative collective and class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A collective and class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants policies.

## FACTUAL BASIS FOR CLAIMS

### Cory Acome

28. Named Plaintiff Acome typically worked three to four shifts per week lasting five to seven hours each.

29. Named Plaintiff Acome and those similarly situated had a meal allowance deducted from each and every shift without his permission.

30. Named Plaintiff Acome was paid the New York State "tipped" minimum wage when clocked in as a Server.

31. Named Plaintiff Acome and his co-workers were regularly required to clock-in at the tip-credit hourly rate of pay at 3:00 and work for one hour before the Defendant opened at 4:00 performing non-tipped duties such as, but not limited to, cleaning tables, cleaning floors, setting silverware, and folding napkins, to prepare for customers and were required to work for an hour after the Defendant closed at 9:00 performing non-tipped duties to clean and shut down the premises to prepare for the following day while still clocked in at the tip-credit hourly rate of pay.

32. Named Plaintiff Acome had one single uniform that he paid for without being reimbursed as required by 12 NYCRR § 146.

33. The uniform worn by Named Plaintiff Acome is attached as Exhibit A.

34. Upon information and belief no members of the putative class were reimbursed for the purchase of their uniforms as required by 12 NYCRR § 146.

35. Named Plaintiff Acome was never paid laundry fees for laundering his uniform as required by 12 NYCRR § 146.

36. Upon information and belief no members of the putative class were paid laundering fees as required by 12 NYCRR § 146.

37. Named Plaintiff Acome was never provided with a wage notice as required by the NYLL.

38. Upon information and belief, no members of the putative class were provided with wage notices.

**Aimee Flowers**

39. Named Plaintiff Flowers typically worked two to three shifts per week, lasting five to seven hours each.

40. Named Plaintiff Flowers, and those similarly situated, had a meal allowance deducted from each and every shift without her permission.

41. Named Plaintiff Flowers was paid the New York State "tipped" minimum wage when clocked in as a Server.

42. Named Plaintiff Flowers and her co-workers were regularly required to clock-in at the tip-credit hourly rate of pay at 3:00 and work for one hour before the Defendant opened at 4:00 performing non-tipped duties such as, but not limited to, cleaning tables, cleaning floors, setting silverware, and folding napkins, to prepare for customers and were required to work for an hour after the Defendant closed at 9:00 performing non-tipped duties to clean and shut down the premises to prepare for the following day while still clocked in at the tip-credit hourly rate of pay.

43. Named Plaintiff Flowers had one single uniform that she paid for without being reimbursed as required by 12 NYCRR § 146.

44. Upon information and belief no members of the putative class were reimbursed for the purchase of their uniforms as required by 12 NYCRR § 146.

45. Named Plaintiff Flowers was never paid laundry fees for laundering his uniform as required by 12 NYCRR § 146.

46. Upon information and belief no members of the putative class were paid laundering fees as required by 12 NYCRR § 146.

47. Named Plaintiff Flowers was never provided with a wage notice as required by the NYLL.

48. Upon information and belief, no members of the putative class were provided with wage notices.

**Amanda Amidon**

49. Named Plaintiff Amidon typically worked three to four shifts per week, lasting five to seven hours each.

50. Named Plaintiff Amidon, and those similarly situated, had a meal allowance deducted from each and every shift without her permission.

51. Named Plaintiff Amidon was paid the New York State "tipped" minimum wage when clocked in as a Server.

52. Named Plaintiff Amidon and her co-workers were regularly required to clock-in at the tip-credit hourly rate of pay at 3:00 and work for one hour before the Defendant opened at 4:00 performing non-tipped duties such as, but not limited to, cleaning tables, cleaning floors, setting silverware, and folding napkins, to prepare for customers and were required to work for an hour after the Defendant closed at 9:00 performing non-tipped duties to clean and shut down the premises to prepare for the following day while still clocked in at the tip-credit hourly rate of pay.

53. Named Plaintiff Amidon had one single uniform that she paid for without being reimbursed as required by 12 NYCRR § 146.

54. Upon information and belief no members of the putative class were reimbursed for the purchase of their uniforms as required by 12 NYCRR § 146.

55. Named Plaintiff Amidon was never paid laundry fees for laundering his uniform as required by 12 NYCRR § 146.

56. Upon information and belief no members of the putative class were paid laundering fees as required by 12 NYCRR § 146.

57. Named Plaintiff Amidon was never provided with a wage notice as required by the NYLL.

58. Upon information and belief, no members of the putative class were provided with wages notices as required by the NYLL.

**Zachary Abdelhady**

59. Named Plaintiff Abdelhady typically worked approximately three to four shifts per week lasting five to seven hours each.

60. Named Plaintiff Abdelhady, and those similarly situated, had a meal allowance deducted from each and every shift without his permission.

61. Named Plaintiff Abdelhady was paid the New York State "tipped" minimum wage when clocked in as a Server.

62. Named Plaintiff Abdelhady and his co-workers were regularly required to clock-in at the tip-credit hourly rate of pay at 3:00 and work for one hour before the Defendant opened at 4:00 performing non-tipped duties such as, but not limited to, cleaning tables, cleaning floors, setting silverware, and folding napkins, to prepare for customers and were required to work for an

hour after the Defendant closed at 9:00 performing non-tipped duties to clean and shut down the premises to prepare for the following day while still clocked in at the tip-credit hourly rate of pay.

63. Named Plaintiff Abdelhady had one single uniform that he paid for without being reimbursed as required by 12 NYCRR § 146.

64. Upon information and belief no members of the putative class were reimbursed for the purchase of their uniforms as required by 12 NYCRR § 146.

65. Named Plaintiff Abdelhady was never paid laundry fees for laundering his uniform as required by 12 NYCRR § 146.

66. Upon information and belief no members of the putative class were paid laundering fees as required by 12 NYCRR § 146

67. Named plaintiff Abdelhady was never provided with a wage notice as required by the NYLL.

68. Upon information and belief, no members of the putative class were provided with wages notices as required by the NYLL.

69. All New York restaurants were overseen by one individual, Gary.

70. The job titles and descriptions for positions across all of Defendant's New York restaurants are identical, as are their job requirements, salary ranges, and benefits.

## FIRST CLAIM FOR RELIEF

### Unlawful Pay Deductions Under 29 C.F.R. 531

71. Named Plaintiffs reallege and incorporate by reference all the allegations set forth above.

72. Named Plaintiffs and those similarly situated putative class members had meal allowance deducted from their pay without providing permission and whether or not they actually had a meal.

73. Defendant willfully, knowingly, purposefully, and recklessly deducted meal allowances from Named Plaintiffs and those similarly situated. failed to pay Named Plaintiffs and similarly situated hourly employees for all time worked.

74. On this claim for relief, the Named Plaintiffs on behalf of themselves and other similarly situated hourly employees of Defendant, seek the payment of all deducted meal allowances, such sums to be determined based upon an accounting of pay statements of the Named Plaintiffs and other similarly situated employees.

75. Named Plaintiffs and those similarly situated members of the putative class also seek an award of liquidated damages in the amount of 100% of the deducted meal allowances, plus attorneys' fees, interest, and costs as provided for by the FLSA.

## SECOND CLAIM FOR RELIEF

### Unpaid Wages Under the FLSA

76. Named Plaintiffs reallege and incorporate by reference all the allegations set forth above.

77. Named Plaintiffs and similarly situated hourly employees of Defendants bring this claim for relief pursuant to the Fair Labor Standards Act ("FLSA") at 29 U.S.C. § 201, et seq.

78. Under the FLSA, Named Plaintiffs and similarly situated hourly employees are entitled to be compensated for all hours worked where such time is compensable time and is also subject to the regular time provisions of sections 206 and 207 of the FLSA.

79. Defendants willfully, knowingly, purposefully, and recklessly deducted meal allowances from the pay of Named Plaintiffs and those similarly situated resulting in a failure to pay Named Plaintiffs and those similarly situated hourly employees for all time worked.

80. Upon information and belief, Named Plaintiffs and those similarly situated hourly employees were regularly required to clock-in at the tip-credit hourly rate of pay at 3:00 p.m. and work for one hour before the Defendant opened at 4:00 p.m. performing non-tipped duties such as, but not limited to, cleaning tables, cleaning floors, setting silverware, and folding napkins, to prepare for customers and were required to work for an hour after the Defendant closed at 9:00 p.m. performing non-tipped duties to clean and shut down the premises to prepare for the following day while still clocked in at the tip-credit hourly rate of pay.

81. On this claim for relief, the Named Plaintiffs on behalf of themselves and other similarly situated hourly employees of Defendants, seek the payment of all unpaid wages, such sums to be determined based upon an accounting of the hours worked and wages actually paid to the Named Plaintiffs and other similarly situated employees.

82. The Plaintiffs also seek an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the FLSA.

**THIRD CLAIM FOR RELIEF**

**New York - Failure To Pay Wages**

83. Named Plaintiffs reallege and incorporate by reference all the allegations set forth above.

84. Pursuant to Article Six of the NYLL, workers such as Plaintiffs are protected from wage underpayments and improper employment practices.

85. Pursuant to Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

86. As persons employed for hire by Defendant, Plaintiffs are "employees," as understood in Labor Law § 190.

87. Pursuant to Labor Law § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

88. As an entity that hired Plaintiffs, Defendant is an "employer."

89. Plaintiffs wage rate was within the meaning of NYLL §§ 190, 191.

90. Pursuant to Labor Law § 191 and the cases interpreting same, workers such as Plaintiffs are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

91. In failing to pay Plaintiffs proper wages for time worked after forty hours in one week, Defendant violated Labor Law § 191, by failing to pay Plaintiffs all of their wages earned within the week such wages were due.

92. Pursuant to Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiffs that is not otherwise authorized by law or by the employee.

93. By withholding wages from Plaintiffs, pursuant to NYLL § 193 and the cases interpreting same, Defendant made unlawful deductions in wages owed to Plaintiffs.

94. Upon information and belief, Named Plaintiffs and those similarly situated hourly employees were regularly required to clock-in at the tip-credit hourly rate of pay at 3:00 p.m. and work for one hour before the Defendant opened at 4:00 p.m. performing non-tipped duties such

as, but not limited to, cleaning tables, cleaning floors, setting silverware, and folding napkins, to prepare for customers and were required to work for an hour after the Defendant closed at 9:00 p.m. performing non-tipped duties to clean and shut down the premises to prepare for the following day while still clocked in at the tip-credit hourly rate of pay.

95. By requiring Named Plaintiffs and those similarly situated members of the putative class perform non-tipped duties while clocked in at the tip credit rate Defendant failed to pay Named Plaintiffs and members of the putative class at the appropriate minimum wage hourly rate of pay for all hours worked.

96. Upon information and belief, Defendant's failure to pay Plaintiffs full wages every week was willful.

97. By the foregoing reasons, Defendant have violated NYLL § 190 et. seq. and § 650 et. Seq. and are liable to Plaintiffs in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**

**New York Failure to Provide Wage Notices**

98. Named Plaintiffs on behalf of themselves and all members of the NY Classes re-allege and incorporate by reference the paragraphs above as if they were set forth again herein.

99. Defendant willfully failed to provide Named Plaintiffs and members of the NY Classes with accurate wage notices, as required by NYLL § 195(1), in English or in the language identified as their primary language, containing Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as"

names use by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus, such other information as the commissioner deems material and necessary.

100. Through their knowing or intentional failure to provide Plaintiffs with the wage notices and pay statements required by the NYLL, Defendant willfully violated NYLL §§ 191(1) and the supporting New York State Department of Labor Regulations.

101. According to NYLL § 198-1(b), Plaintiffs are entitled to $50 for every day they did not receive a wage notice up to a total of $5000, together with costs and reasonable attorney's fees.

102. By the foregoing reasons, Defendant violated NYLL §§ 195(1) and are liable to the Plaintiffs pursuant to NYLL 198-1(b) in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**FIFTH CLAIM FOR RELIEF**

**Failure to Pay for Laundering Required Uniforms**

103. Named Plaintiffs on behalf of themselves and all members of the NY Uniform Class re-allege and incorporate by reference the paragraphs above as if they were set forth again herein.

104. The NYLL and the regulations promulgated thereunder, 12 NYCRR §146-1.7(a), provide that where an employer located where Defendant is located does not maintain required uniforms for any employee, the employer shall pay the employee weekly, in addition to the employee's agreed rate of pay, uniform maintenance pay for those working over 30 hours per week (high), those working between 20 and 30 hours per week, (medium) and those working under 20 hours per week (low) of:

$13.80 High, $10.90 Medium, $6.60 Low on and after December 31, 2018;
$14.70 High, $11.60 Medium, $7.00 Low on and after December 31, 2019;
$15.55 High, $12.30 Medium, $7.45 Low on and after December 31, 2020;
$16.40 High, $13.00 Medium, $7.85 Low on and after December 31, 2021;

$17.65 High, $14.00 Medium, $8.45 Low on and after December 31, 2022;
$18.65 High, $14.80 Medium, $8.95 Low on and after January 1, 2024;
$19.25 High, $15.30 Medium, $9.25 Low on and after January 1, 2025;

105. Defendant required Plaintiffs to wear a uniform during the performance of their employment duties, including a shirt attached as Exhibit A.

106. Defendant only provided Named Plaintiffs and those similarly situated with one shirt.

107. Defendant does not launder the uniforms or provide Named Plaintiffs and those similarly situated with the additional compensation required under the NYLL and 12 NYCRR § 146-1.7.

108. In failing to launder the required uniforms and in failing to pay Named Plaintiffs and those similarly situated the additional required laundry costs they incur, Defendant haa violated the NYLL and 12 NYCRR §146-1.7.

109. The uniforms Defendant required Named Plaintiffs and NY Uniform Class members to wear are not furnished to Plaintiffs in a sufficient number consistent with the average number of days per week that they work.

110. Defendant's failure to comply with the NYLL and applicable regulations regarding uniform maintenance pay caused Plaintiffs to suffer loss of wages and interest thereon.

111. Upon information and belief, Defendant's failure to comply with the NYLL and 12 NYCRR §146-1.7. was willful.

112. Due to Defendant's violations of the NYLL and 12 NYCRR §146-1.7, Named Plaintiffs and those similarly situated are entitled to recover from Defendant the additional sums due to them for laundering of required uniforms, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**SIXTH CLAIM FOR RELIEF**

**Failure To Reimburse for Purchasing of Required Uniforms**

113. Named Plaintiffs and those similarly situated members of the NY Uniform Class, re-allege and incorporate by reference the paragraphs above as if they were set forth again herein.

114. The NYLL and the regulations promulgated thereunder, 12 NYCRR §146-1.8 provides that, "[w]hen an employee purchases a required uniform, he or she shall be reimbursed by the employer for the total cost of the uniform no later than the next payday. Employers may not avoid such costs by requiring employees to obtain uniforms before starting the job."

115. Upon information and belief, Defendant maintained a policy and practice of requiring Plaintiffs to purchase all uniforms without reimbursing them.

116. Upon information and belief, Defendant's failure to comply with the NYLL and applicable regulations thereunder was willful.

117. Due to Defendant's violations of the NYLL and 12 NYCRR §146-1.8, Plaintiffs are entitled to recover from Defendant the additional sums due to them for laundering of required uniforms, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**PRAYER FOR RELIEF**

**WHEREFORE**, it is respectfully requested that this Court assume jurisdiction herein and thereafter Named Plaintiffs demand a trial by jury and judgment against Defendant on behalf of themselves and those similarly situated as follows:

a. On the First Claim for Relief, equitable and injunctive relief as well as payment of all monies owed for the deduction of meal allowance in violation of the FLSA and 29 C.F.R. 531 as well as liquidated damages, and attorneys' fees in an amount to be determined by the Court;

b. On the Second Claim for Relief, equitable and injunctive relief as well as payment of all monies owed for failure to pay for all hours worked and at the appropriate hourly rate of pay in violation of the FLSA as well as liquidated damages, and attorneys' fees in an amount to be determined

by the Court;

c. On the Third Claim for Relief, equitable and injunctive as well as payment of all monies owed for unlawful deductions from pay in violation of the NYLL and pay for all hours worked at the appropriate minimum wage plus interest, liquidated damages, and attorneys' fees in an amount to be determined by the Court;

d. On the Fourth Claim for Relief, equitable and injunctive relief as well as payment of damages owed for failure to provide wage notices as required by the NYLL, as well as liquidated damages and attorneys' fees in an amount to be determined by the Court;

e. On the Fifth Claim for Relief, equitable and injunctive relief as well as payment of laundry fees owed as required by the NYLL plus interest, liquidated damages and attorney fees;

f. On the Sixth Claim for Relief, equitable and injunctive relief as well as reimbursement of uniform costs as required by the NYLL plus interest, liquidated damages and attorney fees.

Dated: Fayetteville, New York

October 24, 2025

*Isl Frank S. Gattuso*
Frank S. Gattuso
Ryan G. Files
GATTUSO & CIOTOLI, PLLC
*Attorneys for Plaintiff*
7030 East Genesee Street
Fayetteville, New York 13066
(315) 314-8000
fgattuso@gclawoffice.com

To: Joey's Fine Italian LLC
6594 Thompson Road
Syracuse, NY 13206